UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN B. MYLES,

        Petitioner,

          v.                             CAUSE NO. 3:26-CV-1038-GSL-JEM

WARDEN,

        Respondent.

## OPINION AND ORDER

John B. Myles, a prisoner without a lawyer, filed a habeas petition challenging

his conviction for armed robbery and criminal confinement under Case No. 45G01-

0701-FB-7. Following a jury trial, on April 23, 2008, the Lake Superior Court sentenced

Myles to forty-two years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule

4, the court must dismiss the petition "[i]f it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court."

This is not the first time Myles has sought federal habeas relief in connection

with this conviction. He first attempted to obtain habeas relief in *Myles v. Warden*, 3:19-

cv-458 (N.D. Ind. dismissed Oct. 13, 2020), but the court denied the habeas petition on

the merits. He also attempted to obtain habeas relief in *Myles v. Warden*, 3:24-cv-454

(N.D. Ind. dismissed June 4, 2024), but the court dismissed the petition as an

unauthorized successive petition. Pursuant to 28 U.S.C. § 2244(b), "[a] district court

*must* dismiss a second or successive petition, without awaiting any response from the

government, unless the court of appeals has given approval for its filing." *Nunez v.*

*United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Seventh Circuit Court of Appeals has not authorized Myles to file a successive petition. To the contrary, the Seventh Circuit denied Myle's petition for such authorization on July 3, 2024, in Case No. 24-2116, and again on July 31, 2024, in Case No. 24-2284. Because Myles is seeking to proceed on an unauthorized successive petition, the court dismisses this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Myles a certificate of appealability.

As a final matter, the court observes that this habeas petition comprises Myles' second effort to pursue an unauthorized successive petition in connection with this conviction. At this point, Myles knows that he cannot obtain relief by filing additional habeas petitions with this court to challenge his conviction or sentence in Case No. 45G01-0701-FB-7 without prior authorization from the Seventh Circuit.[1] Consequently, the court cautions Myles that he may be sanctioned if he files any further

---

[1] Notably, the Seventh Circuit cautioned Myles that he might be sanctioned if he continued submit further repetitive or frivolous filings. The court's refusal to consider a successive petition without prior authorization from the Seventh Circuit is mandated by statute and should not be construed by Myles as invitation to disregard the Seventh Circuit's warning.

unauthorized habeas petitions challenging his conviction and sentence in Case No. .

45G01-0701-FB-7.

For these reasons, the court:

(1) DISMISSES this case as an attempt to pursue an unauthorized successive

petition in violation of 28 U.S.C. § 2244(b)(3)(A);

(2) DENIES John B. Myles a certificate of appealability pursuant to Section 2254

Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on July 16, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT